IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BEATRICE BORREGO,**
        **Plaintiff,**

                                                    CIV-03-0037 LH/RLP

**SYNERGETIC COMMUNICATIONS, INC.,**

        **Defendant.**

### Memorandum Opinion & Order
### on Defendant's Motion to Compel [Docket No. 15]

      This matter comes before the Court on the Motion of Defendant, Synergetic Communications, Inc., to Compel Plaintiff, Beatrice Borrego, to Answers to Interrogatories and Respond to Requests for Production. (Docket No.15). The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities and finds that the motion is well taken in part and will be granted in part.

      Plaintiff seeks damages for violation of the Fair Debt Collections Practices Act ("FDCPA" herein) (Count I), 15 U.S.C.A. §1692 et seq., the New Mexico Unfair Practices Act, N.M.S.A. 57-12-1, *et seq.*, (Count II), and for tortious debt collection (Count III), stemming from Defendant's debt collection activities in January through March 2002. In its discovery requests, Defendant sought information related to (1) Plaintiff's mental health [Interrogatory No. 14; Requests for Production No. 5 & 8] and (2) credit history and ability to obtain credit. [Interrogatories No. 18, 19, 20, 21, 22].

<u>Mental Health Information and Records</u>[1]
[Interrogatory No. 14; Requests for Production No. 5 & 8]

Defendant contends Plaintiff has placed her mental state at issue by seeking damages for "embarrassment, humiliation, inconvenience, fear, worry and aggravation," and that the requested information and documents are therefor material. Plaintiff objected to these discovery requests stating that the information sought was not relevant, not reasonably calculated to lead to the discovery of admissible evidence, overly broad, private and confidential. Plaintiff denies that she is claiming emotional distress damages, and that her claim of "embarrassment, humiliation, inconvenience, fear, worry and aggravation" does not rise to the level of emotional distress. (Docket No. 18, p. 2). She also states that she will not present any evidence that she sought mental or physical health care as a result of Defendant's alleged actions. *Id.* I construe Plaintiff's statements as an express and binding abandonment of any claim for emotional distress damages. *Cf. Conboy v. AT&T Corp, et al.*, 241 F.3d 242, 250 (2nd Cir. 2001). Accordingly, the information as to Plaintiff's mental state is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and Defendant's Motion to Compel Answers to Interrogatory No. 14 and Responses to Requests for Production No. 5 and 8 is denied.

<u>Credit Information and Records</u>
[Interrogatories No. 18, 19, 20, 21, 22]

In Interrogatories 18-22, Defendant seeks:

---

[1] *Interrogatory No. 14* seeks a complete list of all psychologists, psychiatrists and/or mental health care providers Plaintiff has consulted or from whom she had received treatment at any time during her life.
   *Request for Production No. 5* seeks the execution of a medical records s authorization form.
   *Request for Production No. 8* seeks production of all documents related to any medical, psychiatric, psychological and/or mental health care and treatment of Plaintiff from any person or source.

2

- The identification of all persons or entities from whom Plaintiff has applied for or and been granted credit from January 1, 1998 to the present.  (Interrogatory No. 18).

- The identification of all persons or entities from whom Plaintiff has applied for and been denied credit from January 1, 1998 to the present.  (Interrogatory No. 19).

- The identification of all Plaintiff's credit accounts, and the line of credit for each such account, and whether Plaintiff is current on those accounts.  (Interrogatory No. 20).

- Information as to whether Plaintiff has ever been contacted by other debt collectors at any time for any reason, the date and substance of those contacts and the identification of those debt collects.  (Interrogatory No 21).

- The identification of all creditors to whom Plaintiff owes money, the amount owed and the nature of the credit obligation.  (Interrogatory No. 22).

Defendant contends that this information is relevant on the issues of whether Plaintiff acted on advice allegedly received from Defendant to obtain credit from another source and to her emotional distress damages.

As previously indicated, Plaintiff has disclaimed emotional distress damages. Whether Plaintiff sought a credit to pay off the debt at the suggestion of Defendant may be relevant to whether that advice was given, a matter at issue. [See Complaint, Docket No.1, ¶9 and Answer, Docket No. 4, ¶9]. The entire gamut of Plaintiff's credit relationships, however, it not relevant. Accordingly, Defendant's Motion to Compel is granted to the extent that Plaintiff will be required to answer whether she sought credit at Defendant's suggestion, and shall identify the individuals or entities she contacted, the amount of credit sought, and whether credit was extended. The remaining information sought in Interrogatories No. 18-22 is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and Defendant's Motion to Compel seeking this additional information is denied.

Wherefore,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel (Docket No. 15) is GRANTED IN PART AND DENIED IN PART as provided herein.

_____
Richard L. Puglisi
United States Magistrate Judge